Philip McGrady
MCGRADY LAW FIRM
P.O. Box 40
Park City, Montana 59063
406-322-8647 (phone)
406-322-8649 (fax)

Richard J. (Rex) Burch
(*Pro Hac Vice* forthcoming)
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 (Telephone)
(713) 877-8065 (Fax)

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **BROCK BAKER, on behalf of himself and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**SUNBURST CONSULTING, INC.,**<br><br>Defendant. | |

## COLLECTIVE/CLASS ACTION COMPLAINT

### SUMMARY

1. Sunburst Consulting (Sunburst) failed to pay certain oilfield workers overtime as required by state and federal law.

2. These workers regularly work more than 40 hours a week, Sunburst does not pay them overtime.

1

3. Instead, Sunburst pays them a tiny "salary" plus a fixed amount per day worked in the field.

4. Sunburst's policy of paying these employees a salary plus day rate, with no overtime pay, violates the Fair Labor Standards Act (FLSA) and North Dakota law.

5. This collective action seeks to recover the unpaid wages and other damages owed to these workers.

## JURISDICTION & VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over the state law overtime claims because they arise from a common nucleus of operative facts. *See, e.g., Nielsen v. Moore*, No. CV-15-00681-PHX-JZB, 2016 WL 758237, at *2 (D. Ariz. Feb. 26, 2016).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Sunburst resides in this District, and a substantial part of the events alleged herein occurred in this District.

## PARTIES

9. Brock Baker worked for Sunburst as a Geo-Steerer. Sunburst employed him from approximately April 2013 to December 2014.

10. He was not terminated for misconduct and was not the subject of any disciplinary proceedings at the time his employment ended.

11. Sunburst paid Baker according to its "salary plus day rate" policy.

12. Baker's written consent to this action is attached.

13. Baker brings this action on behalf of himself and all other similarly situated workers who were paid on Sunburst's salary plus day rate system (the "Day Rate Workers").

14. Sunburst paid each of the Day Rate Workers a minimal "salary" plus flat amount for each day worked with no overtime premium for hours worked in excess of 40 in a workweek.

15. Sunburst is company headquartered at 2150 Harnish Boulevard, Billings, MT 59101. Sunburst's agent for service of process is Corporation Service Company, 26 W. Sixth Avenue, Helena, MT 59624-1691.

**FACTS**

16. Sunburst is a geology service company. *See* www.sunburstconsulting.com

17. Sunburst's employees routinely handle goods or materials – such as hard hats, tools, steel toe shoes, automobiles, and cell phones - that have moved in, or were produced for, interstate commerce.

18. Sunburst's annual gross revenues have exceeded $1,000,000 in each of the last 3 years.

19. Sunburst is headquartered in Billings, Montana.

20. Over the past three years, Sunburst employed dozens of individuals – including Baker – as Geo-Steerers (or similar positions) in several states.

21. All these workers performed similar job duties out in the oilfield.

22. These workers work long hours.

23. For example, a typical workweek for Baker was 75 hours a week.

24. Sunburst knows Baker, and the other workers like him, work more than 40 hours in a week.

25. Sunburst's records reflect this fact.

26. Sunburst also schedules these workers for 10+ hours a day, for as many as 7 days a week.

27. Sunburst knows these workers are not exempt from the FLSA's overtime provisions.

28. Nonetheless, Sunburst failed to pay Baker and the other Day Rate Workers overtime for hours worked in excess of 40 in a workweek.

29. Instead, Sunburst pays these workers a minimal "salary" (which does not meet the requirements of 29 C.F.R. 541.600) plus a day rate for each day in the field.

30. Baker made less than $100,000 a year, on an annualized basis, in each of the years he worked for Sunburst.

31.     Sunburst knew, or showed reckless disregard for whether, its conduct violated the FLSA and North Dakota law.

### Collective / Class Allegations

32.     Baker brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who worked for Sunburst nationwide, who elect to opt-in to this action (the "FLSA Collective").

33.     Baker brings the Second Cause of Action, an overtime claim under North Dakota state law, on behalf of himself and all similarly situated persons who have worked for Sunburst in North Dakota (the "North Dakota Class").

34.     Consistent with Sunburst's policy and pattern or practice, Baker and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

35.     All of the work that Baker and the members of the FLSA Collective have performed has been assigned by Sunburst, and/or Sunburst has been aware of all of the work that Baker and the FLSA Collective have performed.

36.     As part of its regular business practice, Sunburst has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Baker and the members of FLSA Collective.

37. Sunburst is aware or should have been aware that federal law required it to pay Baker and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

38. Baker and the members of the FLSA Collective perform or performed the same primary duties.

39. Sunburst's unlawful conduct has been widespread, repeated, and consistent.

40. There are many similarly situated workers who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

41. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

42. Those similarly situated employees are known to Sunburst, are readily identifiable and can be located through Sunburst's records.

## First Cause of Action

### Fair Labor Standards Act – Overtime Wages

43. Baker realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Sunburst has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

45. At all relevant times, Baker and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

46. At all relevant times, Sunburst employed Baker and the FLSA Collective.

47. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Sunburst.

48. At all relevant times, Sunburst has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. At all times relevant, Baker and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

50. Sunburst has failed to pay Baker and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

51. Sunburst's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

52. Sunburst has not made a good faith effort to comply with the FLSA with respect to its' compensation of Baker and the FLSA Collective.

53. Because Sunburst's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54. As a result of Sunburst's willful violations of the FLSA, Baker and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

55. As a result of the unlawful acts of Sunburst, Baker and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## Second Cause of Action

### North Dakota Law – Overtime Wages

56. Baker realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Sunburst has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

58. The conduct alleged violates North Dakota Century Code Title 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin. Code § 46-02-07-01 et seq.) (the "North Dakota Wage Laws").

59. At all relevant times, Sunburst was subject to the requirements of the North Dakota Wage Laws.

60. At all relevant times, Sunburst employed each member of the North Dakota Class as an "employee" within the meaning of the North Dakota Wage Laws.

61. The North Dakota Wage Laws require an employer like Sunburst to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

62. Baker and the members of the North Dakota Class were entitled to overtime pay under the North Dakota Wage Laws.

63. Within the relevant period, Sunburst had a policy and practice of failing to pay overtime to Baker and each member of the North Dakota Class for hours worked in excess of 40 hours per workweek.

64. Baker and each member of the North Dakota Class are entitled to unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

65. Baker and each member of the North Dakota Class are entitled to attorneys' fees, costs, and expenses of this action, to be paid by Sunburst, as provided by North Dakota law.

## JURY DEMAND

66. Baker demands a trial by jury.

## PRAYER

Wherefore, Baker prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA and a class action under Rule 23 for the North Dakota law claims;

2. Judgment awarding Baker and the other Day Rate Workers all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA and/or North Dakota law;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Baker and the other Day Rate Workers may show themselves to be justly entitled.

DATED this 23rd day of August, 2016.

        McGrady Law Firm

        By:   /s/ Philip McGrady
           Philip McGrady
           Attorney for the Plaintiffs

**OF COUNSEL:**

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

Michael A. Josephson
State Bar No. 24014780
**FIBICH, LEEBRON, COPELAND**
**BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com