Jason S. Ritchie
Brianne McClafferty
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT  59103-0639
Telephone:  (406) 252-2166
Fax:  (406) 252-1669
jsritchie@hollandhart.com
BCMcClafferty@hollandhart.com

ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS

| | |
|---|---|
| BROCK BAKER, on behalf of himself and all others similarly situated,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>SUNBURST CONSULTING, INC.,  )<br><br>Defendant.  ) | No. 1:16-cv-00124-SPW-TJC<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE (DOC. 23)** |

## I.     INTRODUCTION

The Court should deny the Plaintiffs' motion seeking to conditionally certify

this case as a collective action under the Fair Labor Standards Act ("FLSA").

Although the Plaintiffs have alleged that Sunburst Consulting, Inc. ("Sunburst")

failed to properly pay its Geosteering Consultants, Lead Geosteering Consultants

("Consultants"), Well-Site Geologists and Lead Well-Site ("Geologists") overtime wages, (Doc. 1 at 4), neither the declaration from named Plaintiff Brock Baker or the declaration from opt-in Plaintiff Alexa Guttormson contains even the modest factual support required.

The declarations actually support Sunburst's position that it properly classified Consultants and Geologists as exempt under the FLSA's learned professional exemption.  And nothing in the declarations remotely provides factual support for the notion that employees in those positions performed non-exempt duties, as required to obtain conditional certification.  Moreover, the declarations underscore that the putative class members are not similarly situated and that at least some of them are also exempt under the FLSA's highly compensated employee exemption.

The Plaintiffs' request for equitable tolling is equally lacking.  Equitable tolling is an extraordinary remedy, and Sunburst has not done anything to prevent any potential plaintiff from asserting a claim.  The fact that Sunburst has not provided the Plaintiffs' with contact information for putative class members is beside the point.  The Plaintiffs' have not asked for such information and the FLSA requires no such thing prior to conditional certification.

## II.     BACKGROUND

Sunburst is a consulting company that provides well-site geologic services on oil and gas drilling projects throughout the Rocky Mountain region. Declaration of Jim Suydam, ¶ 2; Declaration of Felipe Pimentel, ¶ 2, Declaration of Justin Sommerville, ¶ 2.  As part of its staff, Sunburst employs Consultants and Geologists, who interpret data and exercise discretion to advise clients on critical geo-steering decisions in order to "land" a wellbore curve in the proper location and maintain that location while drilling a lateral.  Pimentel Dec. at ¶ 3; Sommerville Dec. at ¶ 3.

The jobs are highly technical.  To land the curve in the proper location and maintain the lateral – which maximizes the well's productivity and prevents costly corrective drilling procedures – Consultants and Geologists process and analyze samples of drill cuttings from the well, draft descriptions of the samples, collect and plot data from the Measurement While Drilling ("MWD") operators, gather information regarding the component gasses of the rock, and create cross-section profiles of the formations.  Pimentel Dec. at ¶ 5–6; Sommerville Dec. at ¶ 5–6. They then analyze the collected data to "project formation tops and markers" for curve landing and for geo-steering laterals, as well as for "identifying geological formation tops." Pimentel Dec. at ¶ 6.  This step requires a knowledge of the characteristics of each type of rock formation as well as the stratigraphy of each

section.  *Id.*  Consultants and Geologists use the analyses to advise clients on geo-steering to optimize well profitability.  Pimentel Dec. at ¶ 8; Sommerville Dec. at ¶ 6.

Sunburst also employs Consultants and Geologists to read and analyze sub-surface structure maps in order to identify expected formation dips and overall trends in the rock formation structure.  Pimentel Dec. at ¶ 7.  To do so, they must be able to conceptualize sub-surface formations in three-dimensional spaces and perform trigonometric calculations to identify strike-dip planes.  *Id.*  Most important to the success of Sunburst's operations, Consultants and Geologists also create daily reports to convey their interpretations to clients and other team members.  Pimentel Dec. at ¶ 8; Sommerville Dec. at ¶ 6.  The reports contain details on all aspects of the job, including advice to clients on how to "land" within the target zone and maintain exposure to the zone in the lateral to make a well more profitable.  Pimentel Dec. at ¶ 8.

Given the high degree of skill and knowledge Consultants and Geologists must possess, and the broad discretion they must exercise in performing their duties, Sunburst places a high importance in hiring the right employees for those positions, and customarily hires applicants only if they have a physical science degree.  *See* Suydam Dec. at ¶¶ 4–8.  Suydam Dec. at ¶¶ 4–5.  Sunburst does, on occasion, hire applicants without such a degree, but only if they can demonstrate

equivalent knowledge of the job duties through other forms of education and

experience.  Suydam Dec. at ¶ 5.  For instance, Baker does not have a geology

degree, but Sunburst felt that he was qualified for the job given that he had

completed multiple semesters of relevant coursework and had previous experience

in the industry.  Suydam Dec. at ¶ 7-8.

### III.    DISCUSSION

**A.    Plaintiffs' Allegations Do Not Warrant Conditional Class Certification.**

The FLSA creates a cause of action for employees against employers who

have violated the overtime compensation requirements.  29 U.S.C. § 216(b).

FLSA collective actions may be brought by an employee or group of employees on

behalf of "similarly situated" employees.  29 U.S.C. § 216(b).  Certification is not

required under the FLSA, but district courts may employ it in appropriate cases to

facilitate sending notice to potential class members.  *Heitzenrater v. Officemax*,

*Inc.*, 12-CV-900S, 2014 WL 448502, at *1 (W.D.N.Y. Feb. 4, 2014); *Hoffman-La*

*Roche, Inc. v. Sperling*, 493 U.S. 165 (1989); *Hipp v. Liberty National Life Ins.*

*Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

Although neither the FLSA, nor the Ninth Circuit, has defined the term

"similarly situated" for purposes of certifying a collective action, the majority of

courts within the Ninth Circuit apply a two-step certification procedure.  *Litty v.*

*Merrill Lynch & Co., Inc.*, CV 14-0425 PA (PJWX), 2015 WL 4698475, at *6

(C.D. Cal. Apr. 27, 2015).  At the initial notice stage, plaintiffs must show that they are similarly situated to other putative plaintiffs to warrant sending notice of the action to the potential class members. *Brewer v. Gen. Nutrition Corp.*, 11-CV-03587 YGR, 2013 WL 100195, at \*2 (N.D. Cal. Jan. 7, 2013); *see also Garrison v. Chuck, Carol & Co., Inc.*, 6:06CV1656ORL28JGG, 2007 WL 1106128, at \*2 (M.D. Fla. Apr. 11, 2007).

Although the burden at the notice stage is less stringent than the burden for joinder or for certification, conditional certification is not automatic. *Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 323–24 (E.D.N.Y. 2012) (citing *Vasquez v. Vitamin Shoppe Industries Inc.*, 10 CIV. 8820 LTS THK, 2011 WL 2693712, at \*3 (S.D.N.Y. July 11, 2011)).  Plaintiffs seeking conditional certification must sufficiently demonstrate that "potential plaintiffs together were victims of a common policy or plan that violated the law." *Vasquez*, 2011 WL 2693712, at \*3; *Randolph v. Centene Mgmt Co.*, No. C14-5730 BHS, 2015 WL 1884216, at \*2 (W.D. Wash. Apr. 24, 2015); *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623 (E.D. Cal. 2009); *Villarreal v. Caremark LLC*, 66 F. Supp. 3d 1184, 1189 (D. Ariz. 2014); *McSwiggin v. Omni Limousine*, No. 2:14-CV-2172 JCM NJK, 2015 WL 4393868 (D. Nev. July 16, 2015).  And while the required factual showing is modest, plaintiffs must still provide "substantial allegations" that are "supported by declarations or discovery." *Kress*, 263 F.R.D. at 627.

1.      **Plaintiffs Have Failed to Make Any Showing That They Were Victims to a Single Decision, Plan or Policy That Violated the FLSA.**

Plaintiffs have alleged that Sunburst "failed to pay . . . overtime as required by state and federal law," (Doc. 1 at 1), but declarations submitted by Baker and Guttormson do not show—under any standard—that they, or any of Sunburst's other Consultants and Geologists, were subject to a Sunburst policy that *violated* the FLSA.  Indeed, Sunburst was not required to pay overtime to those employees because they are subject to both the FLSA's learned professional exemption and the FLSA's highly compensated exemption.  Sunburst will prevail on the merits if either exemption applies, meaning that for conditional class certification purposes, the Plaintiffs are required to make a modest factual showing that *neither* exemption precludes their claims.  They failed to meet that burden, low as it may be.

a.      **Plaintiffs Cannot Make Any Factual Showing that Consultants and Geologists Were Improperly Classified as Exempt Under the Learned Professional Exemption.**

The learned professional exemption requires employees to perform "work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction."  29 C.F.R. § 541.301(a).  Fields of science or learning include professions of physical sciences. 29 C.F.R. § 541.301(c).  These exempt employees typically use "advanced

knowledge to analyze, interpret, or make deductions from varying facts or circumstances."  29 C.F.R. § 541.301(b).

To qualify for the learned professional exemption, an employee's job duties must require advanced knowledge "*customarily* acquired by a prolonged course of specialized intellectual instruction."  29 C.F.R. § 541.301(a)(1) (emphasis added). While the best evidence that an employee meets this requirement is an appropriate academic degree, the use of the term "customarily" recognizes that the exemption is "available to employees in such professions who have substantially the same knowledge level and perform substantially the same work as the degreed employees, but who attained the advanced knowledge through a combination of work experience and intellectual instruction."  29 C.F.R. § 541.301(d).  The regulation explains, for example, that the learned professional exemption is available to the occasional chemist who does not possess a degree in chemistry. *Id*.

The Consultant and Geologist positions fall squarely within the exemption. First, possession of a geology degree, or the equivalent knowledge, is required to perform the necessary work of a Consultant or Geologist, as evidenced by the facts that (1) since February 2014 approximately 84% of the employees working in those positions held geology degrees, Suydam Dec. at ¶ 4, and (2) Sunburst hired applicants without degrees for the positions only if they had obtained the advanced

knowledge necessary for the position through equivalent instruction and experience, Suydam Dec. at ¶ 5

The declarations the Plaintiffs submitted here bear that out.  Guttormson's declaration confirms that she possessed a bachelor's degree in Geology.  Suydam Dec. at ¶ 6.  And although Baker does not have a geology decree, his declaration makes clear that he earned "the equivalent of an Associate's degree in chemical technology in an unaccredited program."  (Doc. 24-1 at 2).  Baker's resume also emphasized that he wanted a "career as a Geologist so [he] can utilize [his] education and experience."  Suydam Dec. at ¶ 7, Exhibit 2, pg. 1 (Baker's Resume); From Sunburst's standpoint, Baker's education was equally important. Before hiring him, Sunburst determined that his previous work experience coupled with his coursework in chemical technology provided him with the advanced knowledge necessary to complete his job duties.  Suydam Dec. at ¶ 8.

Courts have consistently recognized that in cases alleging an FLSA violation based on misclassification, the plaintiff must present at least some factual showing that the putative collective action members are "similarly situated with respect to the claim that they were required to perform [non-exempt] duties" in contravention of the formal policy.  *Heitzenrater v. Officemax, Inc.*, 12-CV-900S, 2014 WL 448502, at *3 (W.D.N.Y. Feb. 4, 2014) (citing *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010)); *See Jenkins v. TJX Companies Inc.*,

853 F. Supp. 2d 317, 321 (E.D.N.Y. 2012); *Marsh v. Butler County School System*, 242 F. Supp. 2d 1086, 1094 (M.D. Ala. 2003); *McLendon v. Schlumberger Tech. Corp.*, 4:15CV00752 JLH, 2016 WL 3911897, at *3 (E.D. Ark. July 15, 2016). For example, in *Heitzenrater*, the plaintiff argued that his job duties did not properly fall within a FLSA overtime exemption. The court refused to grant conditional class certification based solely on allegations that potential class members were "governed by the same set of designated job duties and responsibilities, [were] compensated in the same manner, [were] classified as exempt from the FLSA's overtime provisions, and [were] subject to the same job description, corporate policies and work rules." *Heitzenrater*, 2014 WL 448502, at *3. In other words, the court held that even the low burden for conditional certification required more than mere allegations that the plaintiffs were improperly classified as exempt and that other employees were subject to the same FLSA classification. Only after the court found that deposition testimony from ten plaintiffs and declarations from five additional opt-in plaintiffs supported the theory that the putative class members performed non-exempt duties did it ultimately hold that conditional certification was appropriate. *Id*. at *4.

The Plaintiffs here have failed to make an equivalent factual showing. Although they attempt to minimize Baker's and Guttormson's work in their brief, the bottom line is that they merely allege Sunburst classified them as exempt from

10

overtime wages, without even the barest showing that the classification violated the law.  Sunburst's policy tracks the FLSA, and provides, in relevant part: "Exempt employees are classified as such if their job duties are exempt from overtime according to the provision of the federal and state wage and hour laws. Exempt employees are not eligible for overtime pay."  Suydam Dec. ¶ 3, Exhibit 1, pg 13. (Sunburst's Employee Handbook for Field Employees).  Because nothing about that policy is facially illegal, the Plaintiffs must show that they performed non-exempt job duties in contravention to the policy.  *See Jenkins*, 853 F. Supp. 2d at 322.

But unlike the plaintiffs in *Heitzenrater* who submitted deposition testimony or declarations from 15 plaintiffs describing non-exempt job duties, the declarations submitted by Baker and Guttormson fail to make even a modest factual showing that Sunburst's policies or practices violated the FLSA.  If anything, their declarations support the notion that the Consultant and Geologist positions fall within the learned professional exemption.  Simply put, the Plaintiffs argue they are entitled to conditional certification based on nothing more than allegations that they performed similar job duties and were subject to the same classification and pay structure.  That type of conclusory allegation alone was not enough to warrant conditional certification in *Heitzenrater*, and it is not enough to warrant it here.  To obtain conditional certification, the Plaintiffs must go beyond a

conclusory allegation and make a "modest factual showing" that they were either "subject to a common facially illegal policy or de facto illegal policy."  *See Jenkins*, 853 F. Supp. 2d at 322.  And because they failed to do so, their motion should be denied.

> **b.      Plaintiffs Have Made No Showing That They Are Not Exempt Under the Highly Compensated Employee Exemption.**

The Plaintiffs motion should also be denied because they failed to carry their burden given their lack of allegations, much less factual support, that the putative class members fail to meet the highly compensated employee exemption standards. Where an employee customarily and regularly performs any one or more of the exempt duties or responsibilities of a professional employee and receives "total annual compensation of at least the annualized earnings amount of the 90th percentile of full-time nonhourly workers nationally" the employee is exempt from overtime wages.  29 C.F.R. § 541.601(a).  "A high level of compensation is a strong indicator of an employee's exempt status."  29 C.F.R. § 541.601(c).

Ignoring that the conditional class certification standard requires them to make a factual showing that they and all other putative class members were subject to a "*common* policy or plan" that violates the FLSA, *Vasquez*, 2011 WL 2693712, at *3 (emphasis added), the Plaintiffs' declarations state only that all Consultants were paid a salary plus a day rate. (Doc. 24-1; Doc. 24-2).  They fail to even

address the compensation of other employees, and certainly do not allege that the salaries and day rates of those other employees fell below the highly compensated employee threshold.  As such, the declarations do not come close to making a factual showing—modest or otherwise—that *all* the putative class members were misclassified as exempt to the extent that Sunburst did not pay overtime due to the highly compensated employee exemption.

### 2. Plaintiffs Have Failed to Show They Are "Similarly Situated."

Even under the liberal "similarly situated" requirement, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency."  *Villarreal*, 66 F. Supp. 3d at 1189; *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 416 (D. Or. 2002); *Marsh*, 242 F. Supp. 2d at 1092–93.  Where a plaintiff alleges misclassification under the FLSA, the court must evaluate whether one plaintiff's employment is substantially similar to other employees in light of the issues raised by the particular FLSA claim.  *Kress*, 263 F.R.D. at 630.  Courts have found conditional certification inappropriate where plaintiffs have failed to sufficiently allege that they and the collective action members will rely on common evidence to prove that each plaintiff falls outside of the exemption.  *Id.* (citing *Trinh v. JP Morgan Chase & Co.*, No. 07-CV-1666 W (WMC), 2008 WL 1860161, at *4 (S.D. Cal. Apr. 22, 2008).

Here, the Plaintiffs' FLSA claim alleges that Sunburst misclassified them and thus failed to properly pay them overtime wages.  Accordingly, their claim requires an analysis of the FLSA's exemptions and the propriety of Sunburst's application of those exemptions.  And, given the differences among putative class members and their respective circumstances, that analysis requires a fact-intensive inquiry that can be performed only on an employee-by-employee basis.

For instance, determining whether the highly compensated exemption applies depends, in part, on determining the total annual compensation of each employee.  29 C.F.R. § 541.601(a).  The submitted declarations provide no information regarding the total annual compensation of Baker and Guttormson, let alone the total annual compensation of other employees.  Plaintiffs have simply failed to make any showing that they are similarly situated to other employees in a manner that would promote judicial efficiency.

Other district courts that have analyzed whether employees are overtime-exempt have concluded that the need for individual evidence makes a collective action an inappropriate approach for determining the rights of many litigants. *Olivo v. GMAC Mortgage Corp.*, 374 F. Supp. 2d 545 (E. D. Mich. 2004) (denying collective action notice based on the presence of outside sales exemption); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274–75. (M.D. Ala. 2004) (declining to conditionally certify a collective action where case required individual inquiries

14

into the daily tasks of each putative collective action member); *Trinh*, 2008 WL 1860161, at *5 (denying conditional class certification where determining whether employees are exempt from FLSA overtime requirements involves a highly individualized inquiry into the job duties and compensation of each employee). Similar to those cases, an individualized inquiry into the compensation, duties and education of each putative collective action member is necessary to determine whether Plaintiffs and the putative class members were similarly subjected to a policy that violated the FLSA.  As the court understood in *Trinh*,  "[r]ecognizing that Plaintiffs have not shown that they plan to rely on common evidence does not equal a determination on the merits."  *Trinh*, 2008 WL 1860161, at *5.  Rather, before the Court can certify a class it should "examin[e] the legal backdrop and type of evidence required to prove whether an employee is exempt or not."  *Id*. When individual inquiries are involved, as they are here, proceeding as a collective action will not promote judicial economy, and thus the motion to certify a conditional class should be denied.  *See Id*.

## B.     Equitable Tolling Is Unwarranted.

Because claims by opt-in plaintiffs do not commence until the claimant opts in to the suit by filing a written consent to become a plaintiff, the statute of limitations on those claims continue to run until such consent is filed.  29 U.S.C. §

256(b).  Plaintiffs argue that the statute of limitations should be tolled until notice to potential opt-in plaintiffs is sent.  (Doc. 24 at 20).  They are wrong.

Equitable tolling is an extraordinary remedy that should be applied sparingly.  *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The doctrine applies when the "plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."  *Gilbert v. Citigroup, Inc.*, 2009 WL 424320, at *5 (N.D. Cal. Feb. 18, 2009) (citing *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)).  Because Sunburst has engaged in no wrongful conduct that would prevent any plaintiff from asserting a claim and no other extraordinary circumstances exist here, the Court should not toll the statute of limitations period.

The fact that Sunburst has not provided Plaintiffs contact information for potential plaintiffs before the court certifies the collective action does not justify tolling the statute of limitations.  *Bower v. Cycle Gear, Inc.*, 14-CV-02712-HSG, 2015 WL 2198461, at *2 (N.D. Cal. May 11, 2015); *Adedapoidle–Tyehimba v. Crunch, LLC*, 13-CV-00225-WHO, 2013 WL 4082137, at *8 (N.D. Cal. Aug. 9, 2013); *Rose v. Wildflower Bread Co*, CV09-1348-PHX-JAT, 2011 WL 208044, at *2 (D. Ariz. Jan. 20, 2011).

To be clear, the Plaintiffs have not requested contact information for potential plaintiffs.  Even if they had made such a request, the FLSA does not require Sunburst to provide contact information before certification, *Prentice v. Fund for Pub. Interest Research, Inc.*, C-06-7776 SC, 2007 WL 2729187, at *3 (N.D. Cal. Sept. 18, 2007), so applying equitable tolling on that basis would either render the FLSA statute of limitations meaningless or impose a disclosure requirement that the FLSA does not contain.  *Id.*  Neither outcome is appropriate. In short, the Court should reject the Plaintiffs' request to impose an extraordinary remedy simply because Sunburst is exercising its right to disclose contact information for additional employees only if conditional certification is granted.

Similarly, tolling the statute of limitations is not warranted based on Sunburst's opposition to Plaintiffs' motion to certify a collective action.  *See Adedapoidle–Tyehimba*, 2013 WL 4082137 at *7 (Defendants' conduct including filing motions to dismiss and to stay and refusing to provide plaintiffs with potential members' information did not constitute an extraordinary circumstance warranting equitable tolling).  The mere fact that the normal course of litigation results in some delay does not warrant the imposition of the extraordinary remedy of equitable tolling, particularly when, as here, [Sunburst] has complied with all of FLSA's requirements.  *Bower*, 2015 WL 2198461, at *3.

## IV.   CONCLUSION

For the reasons discussed above, the Court should deny the Plaintiffs'

motion for conditional certification.

Dated this 22nd day of February, 2017.


/s/ Jason S. Ritchie
Jason S. Ritchie

Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that Defendant's Response to Plaintiff's Motion for Conditional Certification and Notice complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 3,674 words, excluding certificate of compliance. The undersigned relies on the word count of the word processing system used to prepare this document.

_/s/ Jason S. Ritchie_

9582007_1