# EXHIBIT 1

## SETTLEMENT AGREEMENT

1. The parties to this Settlement Agreement and Release of Claims ("Agreement") are Sunburst Consulting, Inc. ("Defendant"), and Brock Baker ("Named Plaintiff") on behalf of himself and all Opt-In Plaintiffs listed on Exhibit A (collectively "Plaintiffs").

### RECITALS

2. Named Plaintiff, on behalf of himself and all other Opt-In Plaintiffs, sued Defendant for alleged violations of the Fair Labor Standards Act ("FLSA") in the matter of *Baker v. Sunburst Consulting, Inc.*, No. 1:16-cv-124-SPW-CSO (D. Mont.) (the "Lawsuit");

3. Defendant denies the allegations in the Lawsuit and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever, have agreed to resolve the Lawsuit on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

4. The parties have been and are engaged in a good faith dispute about, *inter alia*, the number of hours worked by Plaintiffs during various work weeks, whether they were exempt, and whether the Defendant acted willfully;

5. The parties recognize that the outcome in the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense;

6. The parties engaged in substantial investigation, including production of relevant documents, several depositions, mediation, and extensive negotiation, and thereby arrived at an agreement to resolve the Lawsuit on the basis described in this Agreement;

7. Named Plaintiff and his counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the resolution of the Lawsuit as provided in this Agreement is in their best interests and that the terms set forth in this Agreement represent and constitute a fair, reasonable, and adequate resolution with respect to amounts due and owing in connection with the Lawsuit;

DocuSign Envelope ID: EF9F90D6-060C-457F-BAE8-A38249979756

8. The Opt-In Plaintiffs have all granted the Named Plaintiff and his counsel the authority to make all decisions regarding the lawsuit, including all decisions regarding settlement or trial; and

9. The Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## SETTLEMENT TERMS

10. **The Settlement Amount**. In exchange for (a) the dismissal of the claims alleged in the Lawsuit with prejudice; (b) the execution of this Agreement by Named Plaintiff; and (c) otherwise subject and pursuant to the terms and conditions of this Agreement, Defendant agrees to pay the gross amount of **Three Hundred Thousand ($300,000.00)** (the "Settlement Amount"), to resolve Plaintiffs' claims. By so doing, Plaintiffs agree and acknowledge that Defendant will have paid Plaintiffs all liquidated damages, wages, overtime wages, attorney's fees, costs and expenses related to and associated in any way with Plaintiffs' claims against Defendant. The Settlement Amount shall be subject to all applicable withholding obligations and taxes, and to any wage garnishment or similar order(s) under state or federal law. The Settlement Amount does not include the employer's share of any payroll taxes, which shall be paid separately by Defendant in addition to the Settlement Amount.

11. **Settlement Process.** The Parties agree to file a joint motion for approval of this settlement. Within 7 days of the Court's approval of this settlement, Defendant will prepare and issue checks to Plaintiffs as scheduled in Exhibit A to this Agreement. All checks due under this agreement shall be delivered to Plaintiffs' counsel, David I. Moulton, 8 Greenway Plaza, Suite 1500, Houston, Texas 77046..

12. **Enforceability**. All Plaintiffs in the lawsuit shall be entitled to enforce this Agreement and this Agreement shall be binding upon and enforceable against all Plaintiffs.

13. **Service Award**. The amount listed in Exhibit A for Brock Baker includes a service award of $3,500.

14. **Tax Withholding**. One half of Plaintiffs' individual settlement amount is considered wages, will be subject to payroll tax withholding by Defendant and reported on a W-2. The other half of each individual settlement amount is considered liquidated damages, will not be subject to payroll tax withholding, and will be reported on a Form 1099.

15. **Check Distribution**. Plaintiffs' Counsel is responsible for distributing Plaintiffs' checks to Plaintiffs.

16. **Attorney's Fees.** Defendant shall deliver a check payable to Bruckner Burch PLLC for $123,832.22, which includes attorney's fees in the amount of $120,000 and costs in the amount of $3,832. Plaintiffs' counsel shall forward Bruckner Burch PLLC's Form W-9.

### PLAINTIFFS' RESPONSIBILITIES

17. **Named Plaintiff's Release.** Named Plaintiff hereby, on behalf of himself, his heirs, legal representatives, successors and assigns, acknowledges full and complete satisfaction of, and does hereby waive his right to damages from and releases, absolves and discharges Defendant, its parents, subsidiaries, divisions, successors and affiliated corporations, past and present, and each of them, as well as their trustees, directors, officers, stockholders, agents, servants, employees, representatives, insurers, heirs and attorneys, past and present, and each of them (all hereinafter referred to collectively and individually as "Released Parties"), from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, complaints, wages, obligations, debts, labor grievances, expenses, damages, judgments, orders, demands, and liabilities of whatever kind or nature in law, equity or otherwise, whether known or unknown, suspected or unsuspected, which he owns or holds or at any time heretofore owned or held against said entities or persons or any of them, including specifically but not exclusively, without limiting the generality of the foregoing, (1) any and all claims arising out of or in any way connected with Named Plaintiff's employment by Defendant; (2) any and all claims arising out of or in any way connected with Named Plaintiff's termination of employment; and (3) any claim that could arise under common (including civil tort) law and/or state or federal statutes, including but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Civil Rights Act of 1866, the Montana Wrongful Discharge from Employment Act, the Montana Human Rights Act, the Fair Labor Standards Act, the Montana Wage Payment, the Worker Adjustment and Retraining Notification Act, the Montana and United States Constitutions, and any other federal, state or local laws, without limitation or exception. Named Plaintiff intends this Release Agreement to have a broad effect and to settle all claims and disputes, without limitation of any kind or nature, existing between him and Released Parties, whether known or unknown, relating to Named Plaintiff and his employment by Defendant. Notwithstanding the foregoing, Named Plaintiff does not release any claims for personal

DocuSign Envelope ID: EF9F90D6-060C-457F-BAE8-A38249979756

injuries against the Released Parties. Named Plaintiff certifies he is currently unaware of any personal injuries that could give rise to a claim against Released Parties.

18. **Opt-In Plaintiffs' Release.** Named Plaintiff, on behalf of the Opt-In Plaintiffs and their respective assigns, heirs, and legal representatives, as applicable, agree to forever waive, release, discharge, and surrender, and do hereby waive, release, discharge, and surrender all wage and hour claims, causes of action, rights, and demands, asserted or could have been asserted in the Lawsuit, including any claim for wages, distributions, compensation, expenses, actual or compensatory damages, liquidated damages, attorney's fees, and costs against Released Parties.. This release includes all claims arising from, attributable to, or related to Plaintiffs' claims under the FLSA and any state statutes governing the payment of overtime, whether in North Dakota or in the state of residence of any Plaintiff.

19. **Notice.** The checks to Opt-In Plaintiffs shall be accompanied by the Notice attached as Exhibit B.

20. **Dismissal.** The parties agree to file a joint motion to approve this settlement agreement and dismiss the Lawsuit with prejudice.

21. **Jurisdiction to Enforce.** The parties shall request the Court retain jurisdiction to enforce this agreement.

22. **Taxes**. Each party to this agreement is responsible for their own tax liabilities that arise from this agreement. Plaintiffs agree that, except with respect to tax amounts withheld from payments made to Plaintiffs and any employer-required payroll tax matching, which Defendant will forward to the Internal Revenue Service as required, they are fully and solely responsible for any and all liability for any employee-side taxes, interest, or related penalties or assessments they may incur in connection with the settlement encompassed by this Agreement.

23. **No Tax Advice**. No party to this Agreement is relying on another party to this Agreement for tax advice.

24. **Full Settlement Amount**. The Settlement Amount made pursuant to this Agreement constitutes full payment to Named Plaintiff and Opt-In Plaintiffs of, *inter alia*, the overtime amount due and owing and all liquidated damages as claimed in the Lawsuit.

## NO ADMISSION OF LIABILITY

25. Neither the making of this Agreement nor the tender of consideration described in this Agreement will be construed as an admission of liability or wrongdoing by Defendant, and Defendant denies any such liability or wrongdoing. Accordingly, the parties agree that none of them has prevailed, nor shall this Agreement be construed as evidence that any party has prevailed in this matter. Further, in the event that, for any reason, this Agreement does not result in the full and complete resolution of the Lawsuit, the parties agree that this Agreement is not meant to be, and will not be, construed as an admission that Defendant is liable for liquidated damages or any other damages. Furthermore, in such event, Defendant reserves the right to deny that it engaged in activity that would warrant liquidated damages.

## KNOWING AND VOLUNTARY WAIVER

26. Plaintiffs acknowledge and agree that they have had sufficient time to consider this Agreement and to consult with legal counsel considering its meaning and significance. When entering into this Agreement, Plaintiffs have not relied on any representations or warranties made by the parties, other than representations and warranties expressly set forth in this Agreement.

## AMENDMENTS/MODIFICATIONS:

27. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all parties, and then only to the extent set forth in such written waiver, modification, or amendment. This agreement must be approved by a court in its entirety without modification whatsoever for it to be valid. Any approval on terms different from those stated in this agreement shall render this agreement *void ab initio*. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

## BINDING AGREEMENT

28. This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and assigns.

## ENTIRE AGREEMENT

29. This Agreement constitutes the entire agreement of the parties concerning the subjects contained herein.

## CAPTIONS

30. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

## SIGNATURES

31. Any party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party, or by electronic signature satisfactory to all parties. Any signature made and transmitted by facsimile, email, or other electronic method for executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile.

**DEFENDANT:**

**SUNBURST CONSULTING, INC.**

Date: 10/22/2018            By: *[signature]*

                            Printed Name: James Suydam

                            Title: President

DocuSign Envelope ID: EF9F90D6-060C-457F-BAE8-A38249979756

**NAMED PLAINTIFF on behalf of himself and all Opt-In Plaintiffs:**

Date: 10/19/2018                         By: *Brock Baker*
                                             Brock Baker

**EXHIBIT A**

| No. | Employee Last Name | Employee First Name | Recovery |
|---|---|---|---|
| 1 | Adair | Christopher | $ 4,831.12 |
| 2 | Bailey | Dillon | $ 5,045.85 |
| 3 | Baker | Brock | $ 16,987.29 |
| 4 | Barta | Nathanael | $ 4,394.12 |
| 5 | Bergum | Kenneth | $ 11,706.24 |
| 6 | Buhr | Samantha | $ 7,075.12 |
| 7 | Candelaria | Steven | $ 3,107.72 |
| 8 | Chandler | Gage | $ 305.02 |
| 9 | Cobb | Lindsay | $ 857.77 |
| 10 | Davis | Heather | $ 4,067.44 |
| 11 | Deakin | Coilin | $ 6,178.37 |
| 12 | Eno | Kyle | $ 10,903.14 |
| 13 | Fortenberry | Arden | $ 2,994.84 |
| 14 | Gilbert | Gerold Allen | $ 2,983.56 |
| 15 | Glander II | Roger | $ 2,219.08 |
| 16 | Griggs | Thomas | $ 13,929.39 |
| 17 | Guttormson | Alexa | $ 6,694.46 |
| 18 | Hartry | Brian | $ 9,589.27 |
| 19 | Holzworth | Steven | $ 15,972.84 |
| 20 | Joramo | Seth | $ 3,029.40 |
| 21 | Keenan | Alexandra | $ 1,211.33 |
| 22 | Kehoe | John "Jack" | $ 6,928.41 |
| 23 | Llewellyn | Ezra | $ 7,375.19 |
| 24 | Lloyd | Rex | $ 2,218.83 |
| 25 | McNamara | Claire | $ 6,420.55 |
| 26 | Munoz | Christina | $ 2,439.62 |
| 27 | Pearce | Casey | $ 674.35 |
| 28 | Peters | Erika | $ 2,044.16 |
| 29 | Power | Adrian | $ 2,155.72 |
| 30 | Pradhan | Vimal | $ 1,969.39 |
| 31 | Ranjha | Ziaullah | $ 302.45 |
| 32 | Schmidt | Corttnee | $ 1,483.32 |
| 33 | Wilczynski | Donovan | $ 5,635.38 |
| 34 | Williams | Joshua | $ 1,026.14 |
| 35 | Wilske | Courtney | $ 1,410.90 |

**EXHIBIT B.**

## NOTICE OF SETTLEMENT

**TO:** Current and former employees of Sunburst Consulting, Inc. who consented to join *Baker v. Sunburst Consulting, Inc.*, **No. 1:16-cv-124-SPW-CSO (D. Mont.)**

**RE:** Unpaid Overtime Wage Claim

You are receiving this Notice because you submitted a consent to join the overtime case against Sunburst Consulting filed by Brock Baker on behalf of similarly situated "Geosteering Consultants" and "Well-Site Geologists."

This lawsuit has settled and has been approved by the Court. Checks for your portion of the Settlement Agreement accompany this Notice.

This Notice is also to inform you that the Settlement, judgment of the Court, and accompanying payment fully and completely satisfy and release all wage and hour claims, causes of action, rights, and demands, you asserted in the Lawsuit, including any claim for wages, distributions, compensation, expenses, actual or compensatory damages, liquidated damages, attorney's fees, and costs against Defendant; their insurers, benefit plans, occupational illness/injury plans; their predecessors and successors, and any of their affiliates; and all current and former related individuals, including but not limited to all their current and former employees, owners, officers, directors, managers, members, trustees, and the attorneys and representatives of all such entities. This release includes all claims arising from, attributable to, or related to your claims under the FLSA and any state statutes governing the payment of overtime, whether in North Dakota or in the state of your residence.

If you have any questions, you may contact your lawyer:

David I. Moulton
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, TX  77046
Phone:  713-877-8788
Fax:  713-877-8065
frontdesk@brucknerburch.com